Patricia BABCOCK, now Booker; Glen Dale Booker; Ruby Riley; and Roy Rolin, Appellees,

v.

Bobby Jack ADKINS and Mid-Continent Casualty Company, Appellants.

No. 60924.

Supreme Court of Oklahoma.

Nov. 20, 1984.

Rehearing Denied Jan. 29, 1985.

Craig & Hanks by Kenneth P. Craig, Moore, for appellees.

Looney, Nichols, Johnson & Hayes by R.D. Looney, Sr., Oklahoma City, for appellants.

LAVENDER, Justice:

Patricia Babcock, now Booker, was covered as named insured by four separate

insurance policies covering four vehicles. These policies had been issued by appellant Mid-Continent Casualty Company. Each of the four policies contained uninsured motorist coverage provisions covering the named insured and other persons occupying an insured vehicle.

At approximately 10:00 p.m., on June 14, 1980, one of these covered vehicles was struck by a vehicle driven by appellant Bobby Jack Adkins. At the time of the accident, Ms. Babcock was driving the insured vehicle and appellees Glen Dale Booker, Ruby Riley and Roy Rolin were passengers therein. It is undisputed that appellant Adkins was an uninsured motorist at the time of the accident. Ms. Babcock, Ms. Riley, Mr. Booker and Mr. Rolin all received serious personal injuries as a result of the collision.

Appellees subsequently initiated a negligence action against appellant Adkins. On February 13, 1981, appellant Mid-Continent intervened, admitting that it had uninsured motorist coverage covering the appellees and denying negligence on the part of appellant Adkins.

Prior to the trial in this case, appellant Mid-Continent entered into an agreement with the host-driver, Ms. Babcock, under which $15,500 was paid to her for her personal injuries received in the accident. Ms. Babcock in turn released Mid-Continent from further liability and dismissed her action with prejudice.

The remaining parties waived a jury trial and submitted evidence to the trial court. The trial court considered the evidence presented and entered judgments for appellees in the following amounts: Ruby Riley, $15,500; Glen Dale Booker, $5,500; and Roy Rolin, $5,500. Appellant Mid-Continent tendered the sum of $6,500 into court in satisfaction of these judgments, contending that this was the limit of its liability under the applicable insurance policy.

Thereafter, through a garnishment proceeding, appellees Ruby Riley, Glen Dale Booker and Roy Rolin attempted to collect the balance of the judgments from Mid-Continent. Mid-Continent answered that it had already discharged its full liability. Appellees took exceptions to this answer, and a hearing on these exceptions was had before the trial court on July 19, 1983.

At the hearing on the exceptions to the garnishee's answer, the trial court found that the issue presented to the court was whether " 'the plaintiffs, Glen Dale Booker, Ruby Riley, and Roy Rolin, [were] entitled, as passengers in the automobile of plaintiff, Patricia Babcock, now Booker, the insured herein, under four separate 5–10 [$5,000 per person—$10,000 per accident] uninsured motorist policies, issued by the garnishee, to stack said policies and collect their judgments ...?' " The trial court went on to find that the language in the policies issued by Mid-Continent to Ms. Babcock defining an insured under the policies as "[a]ny other person while occupying an insured automobile," covered the appellees and gave them recourse to all four of the policies belonging to Ms. Babcock up to the aggregate limits of the policies or up to the full compensation for their damages. Mid-Continent brought the present appeal from this order.

The issue presented is one of first impression before this Court, although it has been previously dealt with in numerous other jurisdictions.[1] The question is whether the difference in one's status as either a named insured under a policy or as an insured merely by virtue of being an occupant of a vehicle mandates a different result as to the allowance of stacking of uninsured motorist policies.

In the case of *Shepard v. Farmers Insurance Company, Inc.,*[2] this Court, in

---

1. See notes 7 and 9, *infra.*

2. 678 P.2d 250 (Okla.1983).

discussing *Keel v. MFA Insurance Co.,*[3] and the cases which followed *Keel* and allowed stacking, made this statement which presaged the status question presented to us herein:

> "*Keel* and its progeny required that a claimant be permitted to recover upon multiple policies for which multiple uninsured motorist premiums had been paid. However, claimant may not recover unless he or she is an 'insured', and the terms of the contract determine who is insured thereunder. Neither the Oklahoma statute nor the relevant cases dictate mandatory classes of insureds or set mandatory limits of coverage. As indicated by *Keel* and *Richardson,* one may have recourse to multiple automobile insurance policies, but in order to recover, the claimant must first be an insured under each policy. ..."[4]

The majority of the jurisdictions that have considered the matter have made the following distinction; one who is a named insured under a policy or policies of uninsured motorist insurance possesses a broad reservoir of coverage by virtue of the fact that this coverage is not tied to the occupancy of any vehicle, while one whose status as an insured is tied to occupancy of an insured vehicle is entitled only to coverage under the specific policy covering that vehicle at the time of the accident.[5] This is clearly in line with this Court's statement in *Shepard* to the effect that we must look to the terms of each insurance contract to determine who is an "insured" thereunder.

This Court's statement in *Shepard* also clearly rebuts appellees' attempted reliance on language from *Keel v. MFA Insurance Co.,* which they purport requires a finding that an insured is entitled to recover under any and all available policies whether that insured is a named insured or not.[6] *Shepard* now makes it clear that this statement would be limited by the term "available policies." A policy would not be available to a party unless that party qualified as an insured under that policy.

Only two cases have been brought to this Court's attention which would allow the result reached by the trial court in this instance.[7] And, of these two, only one has rejected outright the distinction arising from the difference in status between a named insured and one insured by virtue of vehicle occupancy.[8] On the other hand, at least eleven jurisdictions have examined the precise issue before this Court and have refused to allow a permissive passenger or user the stacking privileges accorded to a named insured.[9]

The prevailing policy behind the majority viewpoint is quite clear. The purpose for allowing a named insured the benefit of all policies for which he has paid premiums is to provide a fulfillment of the contractual expectations that that party had when purchasing those policies. Thus, the wording

---

3. 553 P.2d 153 (Okla.1976).

4. 678 P.2d at 252.

5. E.g., *Burke v. Aid Ins. Co.,* 487 F.Supp. 831 (D.Kan.1980); *Holloway v. Nationwide Mutual Ins. Co.,* 376 So.2d 690 (Ala.1979); *Utica Mutual Ins. Co. v. Contrisciane,* 473 A.2d 1005 (Pa.1984).

6. See 553 P.2d at 156.

7. *Werley v. United Services Automobile Asso.,* 498 P.2d 112 (Alaska 1972); *Estate of Calibuso v. Pacific Insurance Co. Ltd.,* 62 Hawaii 444, 616 P.2d 1357 (1980).

8. *Estate of Calibuso,* supra, note 7.

9. *Burke v. Aid Ins. Co.,* supra at note 5 (Kansas); *Holloway v. Nationwide Mutual Ins. Co.,* supra at note 5 (Ala.); *American States Ins. Co. v. Kelley,* 446 So.2d 1085 (Fla.Dist.Ct.App.1984); *Ohio Casualty Ins. Co. v. Stanfield,* 581 S.W.2d 555 (Ky.1979); *Auto-Owners Ins. Co. v. Traviss,* 72 Mich.App. 66, 248 N.W.2d 673 (1976); *Doerner v. State Farm Mutual Automobile Ins. Co.,* 337 N.W.2d 394 (Minn.1983); *Hines v. Government Employees Ins. Co.,* 656 S.W.2d 262 (Mo. 1983); *Lopez v. Foundation Reserve Ins. Co.,* 98 N.M. 166, 646 P.2d 1230 (1982); *Utica Mutual Ins. Co. v. Contrisciane,* supra at note 5 (Pennsylvania); *Cunningham v. Insurance Co. of North America,* 213 Va. 72, 189 S.E.2d 832 (1972); *Thompson v. Grange Insurance Asso.,* 34 Wash.App. 151, 660 P.2d 307 (1983).

of such policies in cases where the named insured has been allowed to stack has been to the effect that those qualifying as named insureds are covered by the policies no matter where they are or in what circumstances they may be in when they are injured through the negligence of an uninsured motorist. To the contrary, those qualifying as insured by reason of status as passengers or permissive users do not qualify as insureds beyond the policy covering the vehicle in which they are located when injured by an uninsured motorist. Neither the passenger nor the purchaser of the policy would have any legitimate contractual expectation that one insured solely by reason of his presence in a vehicle would be entitled to a recovery under other policies belonging to the named insured covering vehicles which were not involved in the accident.

■ In line with our language in *Shepard*,[10] we now hold that the occupants of an insured motor vehicle involved in an accident, who are entitled to uninsured motorist coverage solely because of their status as passengers, may not stack the uninsured motorist coverage under separate policies purchased by the owner of the involved vehicle for a noninvolved vehicle or vehicles unless those passengers also qualify as insureds under those separate policies.[11]

In reaching this result, we reject appellees' arguments that the legislative intent embodied in 36 O.S.1981, § 3636, would require a different result. We have previously stated that the purpose of this legislation is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance.[12] Nothing in this stated purpose requires that an injured passenger be given the benefit of another's insurance policies which do not cover the vehicle he was in when injured.

■ Although we find that appellees are not entitled to stack the uninsured motorist coverage on other vehicles covered under the policies issued to the host-driver by virtue of being occupants of an insured vehicle, the record in the present case does not include the policies in question and therefore does not clearly indicate that appellees may not otherwise qualify as insureds under these policies. The record is also unclear as to how Mid-Continent arrived at the figure of $6,500 as the extent of its remaining liability to appellees under the policy covering the vehicle involved in the accident and therefore we do not address that issue. In any event we must vacate the order of the trial court and remand the case for further proceedings not inconsistent with this opinion.

All the Justices concur.

---

10. Supra, at note 2.

11. This holding is adopted from *Doerner v. State Farm Mutual Automobile Ins. Co.,* supra, at note 9.

12. *Biggs v. State Farm Mutual Automobile Ins. Co.,* 569 P.2d 430, 433 (Okla.1977).