BOUTALL, Judge.
This case arises from a declaratory judgment allowing the plaintiff to stack uninsured motorist coverage under his employer’s fleet policy. The insurer appeals.
Jerry Sciple was injured while driving a vehicle owned by his employer, General Motors Corporation. The vehicle was one of 239 vehicles insured under a fleet policy issued by Royal Globe Insurance Company, of which General Motors Corporation was the named insured and which contained an uninsured motorist coverage endorsement with limits of $5,000/$10,000. Act 623 of 1977 amended LSA — R.S. 22:1406(D) to allow insurers to enforce “anti-stacking” provisions of their uninsured motorist policies in Louisiana. The accident in which Sciple was injured occurred on February 2, 1978, but the renewal date of the policy was September 1, 1977. Sciple brought suit against a number of defendants, including General Motors Corporation and Royal Globe Insurance Company. On October 25, 1983, the trial judge granted a partial summary judgment to those defendants, disallowing stacking of uninsured motorist coverage but also rendering a declaratory judgment in favor of Sciple for $5,000. After the defendants filed a motion for a new trial or in the alternative a motion to correct the judgment, the court agreed to convert the motion for summary judgment to a declaratory judgment. The matter was heard and the court rendered a new judgment with reasons on July 26, 1984. The second judgment found in favor of the plaintiff, Sciple, permitting him to stack the uninsured motorist coverage. From this judgment General Motors and Royal Globe have appealed.
In his reasons for judgment the trial judge ruled that Sciple was an “insured” under the terms of the policy. Further, the “anti-stacking” amendment of LSA — R.S. 22:1406 is not applicable to this case, as the policy is to be interpreted in accordance with the law in effect on the policy date (September 1, 1977) rather than on the date of the accident (February 2, 1978). For this principle, the court cites Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983).
The question before this court is whether the court was correct in holding that Sciple was entitled to stack the uninsured motorist coverage for all vehicles included in the fleet policy.
The appellant does not dispute the ruling of Block v. Reliance Ins. Co., supra, as to whether the 1977 amendment to the statute is applicable but states that the case is not authority for finding Sciple to be an insured.
In Block, the plaintiff was added to his employer’s fleet policy in an “Additional Interest Endorsement,” and he paid the additional premiums for coverage of his own two vehicles, specifically described in the policy. Sciple’s position more closely resembles that of the plaintiff in Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir.1981), who was a “permissive user” of a vehicle insured under her employer’s fleet policy. The Royal Globe policy before us lists persons insured for purposes of uninsured motorist coverage as follows:
“(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
“(b) any other person while occupying an insured highway vehicle; and
“(c) any person, with respect to damages he is entitled to recover because of *17 bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.”
The court in Bums discussed the distinction between the rights of the named insured and the permissive user as earlier set out in Briley v. Falati, 367 So.2d 1227 (La.App. 4th Cir.1979), writ denied, 369 So.2d 1379 (La.1979) as follows:
“... In that case we distinguish between the named insured and the permissive user in determining whether stacking would be allowed. The named insured was regarded as the party so named in the policy of insurance and the permissive user being the party insured merely by virtue of his presence in an insured vehicle. Stacking was permitted for the named insured based on the theory that premiums were paid for this particular type of coverage; it was not allowed for the permissive user as no additional premiums were paid for by him or on his behalf. Nevertheless, the permissive user would be allowed uninsured motorist benefits but only insofar as the vehicle in which he was present at the time of the accident. Furthermore, we noted that the permissive user would not be precluded from such coverage as R.S. 22:1406(D)(1)(b) permits such additional coverage for the permissive user provided he contracted for and paid for additional coverage_” Burns v. Fernandez, supra, at 1036.
The so called “premium payment” rationale was applied in Bums to deny stacking of uninsured motorist coverage. Neither that plaintiff nor Jerry Sciple were named or designated insureds nor had they paid for the coverage. Accordingly, we hold that Sciple is entitled only to the uninsured motorist coverage for the car he was occupying at the time of the accident and may not stack the uninsured motorist coverage for all vehicles covered by the fleet policy.
For the reasons stated above, the judgment appealed from is reversed.
REVERSED.