**Roy Dale ROGERS, Appellee,**

v.

**Steven Allen GOAD, State Farm Mutual Insurance Company, and State Farm Mutual Automobile Insurance Company, Garnishee, Appellants.**

**No. 62923.**

Supreme Court of Oklahoma.

July 7, 1987.

---

Joseph A. Sharp, Patricia K. Lamb, Best, Sharp, Thomas, Glass & Atkinson, Tulsa, for appellants.

Gregory Meier, Muskogee, for appellee.

KAUGER, Justice.

The only issue presented is whether a permissive-user employee, may stack uninsured motorist coverage under his employer's automobile fleet insurance policy. We find that the employee, an unnamed insured, covered under the policy solely because of the policy provisions covering permissive use or occupancy, may not stack uninsured motorist coverages under the employer's commercial fleet policy.

The appellee, Roy Dale Rogers (employee), was injured in an automobile accident when the appellant, Steve Allen Goad, an underinsured motorist, crossed the center line and struck the pickup driven by the employee. The pickup was insured under a automobile fleet liability policy issued by State Farm Mutual Insurance Company to Rogers' employer, Capps Lumber and Supply, Inc.[1] The insurance policy provided for uninsured motorist coverage of $5,000.00 per person and $10,000.00 per accident on each vehicle. The policy contained an uninsured clause, but was silent on the subject of stacking. The employee sued the underinsured motorist and State Farm Mutual Insurance Company, appellant, alleging that he was entitled to bene-

---

1. The State Farm policy issued to the employer provided:

"... *LIMITS OF LIABILITY*
(a) The limit of liability stated in the declarations is applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services arising out of bodily injury sustained by one person in any one accident, and subject to this provision, the limit of liability state in the declarations as applicable to 'each accident' is the total limit of the company's liability for all such damages for bodily injury sustained by two or more persons in any one accident.

\* \* \* \* \* \*

Insured—The unqualified word "insured" means
(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;

(2) any other person while occupying an insured motor vehicle; and
(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above....

\* \* \* \* \* \*

UNINSURED MOTORIST COVERAGE
To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operation of an uninsured motor vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle provided, for the purposes of this coverage ..."

fits under the uninsured provisions of his employer's policy. The jury returned a verdict for $49,500.00 in favor of the employee.

Goad, the underinsured motorist proffered $10,000.00, the maximum amount provided under his liability insurance policy, which was accepted by the employee. Because the amount of Goad's coverage was insufficient to pay for all the damages, he is an uninsured motorist as defined by 36 O.S.1981 § 3636(C).[2] State Farm tendered $5,000.00, the amount available under the uninsured motorist provisions of the fleet policy. The employee rejected the offer contending that the uninsured motorist coverage on the eighteen automobiles insured by his employer should be stacked. The employee initiated a garnishment action seeking to pyramid the uninsured motorist coverage. State Farm defended the action, arguing that because the employee was a permissive user, he was not entitled to stack the uninsured motorist coverage. The trial court permitted stacking because the policy contained no provisions either prohibiting or endorsing it, and State Farm appealed.

## A PERMISSIVE USER UNDER A COMMERCIAL FLEET POLICY MAY NOT STACK UNINSURED MOTORIST COVERAGE

The question of whether uninsured motorist coverage may be stacked under a commercial fleet policy is one of first impression in Oklahoma. However, the majority of jurisdictions which have considered this problem have held that only named insureds and resident relatives of the named insured's household, the group commonly denominated as Class 1 insureds, may stack uninsured motorist coverages under a commercial fleet policy. The jurisprudential trend on the national level generally prevents permissive users and occupants, the group usually designated as Class 2 insureds, from stacking.[3] The minority view is that *any* insured may stack any uninsured motorist coverages.[4]

The distinction between Class 1 insureds and Class 2 insureds was addressed in *Babcock v. Adkins*, 695 P.2d 1340, 1343 (Okla. 1984). This Court adopted the majority rule that occupants, who are entitled to uninsured motorist coverage simply because of their status as occupants or permissive users, may not stack uninsured motorist coverage. The underlying rationale for allowing a named insured to benefit from all of the policies for which the insured has paid premiums is to enforce the contractual expectations of the party purchasing the policies. The Court held that the occupants of an insured motor vehicle involved in an accident, who are entitled to uninsured motorist coverage merely because of their status as passengers, may

2. Title 36 O.S.1981 § 3636(C) provides:

"(C) For the purposes of this coverage the term 'uninsured motor vehicle' shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with repect to the legal liability of its insured within the limits specified therein because of insolvency. For the purposes of this coverage the term 'uninsured motor vehicle' shall also include an insured motor vehicle, the liability limits of which are less than the amount of coverage of either of the parties in relation to each other."

3. *Fuqua v. Travelers Ins. Co.*, 734 F.2d 616, 620–21, (11th Cir.1984); *Guarantee Ins. Co. v. Anderson*, 585 F.Supp. 408, 413 (E.D.Penn.1984); *Burke v. Aid Ins. Co.*, 487 F.Supp. 831, 835 (D.Kan.1980); *Holloway v. Nationwide Mut. Ins. Co.*, 376 So.2d 690, 694 (Ala.1979); *Ohio Cas. Ins. Co. v. Stanfield*, 581 S.W.2d 555, 559 (Ky. 1979); *Cunningham v. Ins. Co. of North Amer-*

*ica*, 213 Va. 72, 189 S.E.2d 832, 835 (1972); *Miller v. Royal Ins. Co.*, 354 Pa.Super. 20, 510 A.2d 1257, 1259 (1986); *Sciple v. Cosse-Hickey Co.*, 468 So.2d 15, 17 (La.App.1985); *American States Ins. Co. v. Kelley*, 446 So.2d 1085, 1087 (Fla.App.1984); *Linderer v. Royal Globe Ins. Co.*, 597 S.W.2d 656, 662 (Mo.App.1980); *Continental Cas. Co. v. Darch*, 27 Wash.App. 726, 620 P.2d 1005, 1008 (1980). See also, Annot., "Combining or 'Stacking' Uninsured Motorist Coverages Provided in Fleet Policy," 25 A.L.R.4th 896, 899 (1983); Note, "Insurance Law", 58 Temple L.Quar. 443–44, 446 (1985).

4. *Fenasci v. Travelers Ins. Co.*, 642 F.2d 986, 992 (5th Cir.1981), *cert. den'd*, 454 U.S. 1123, 102 S.Ct. 971, 71 L.Ed.2d 110 (1981); *General Mutual Ins. Co. v. Gilmore*, 294 Ala. 546, 319 So.2d 675, 678 (1975); *Marchese v. Aetna Cas. & Sur. Co.*, 284 Pa.Super. 5769, 426 A.2d 646, 649 (1981); *Holmes v. Reliance Ins. Co.*, 359 So.2d 1102, 1106 (La.App.1978).

not stack the uninsured motorist coverage under separate policies purchased by the owner of the involved vehicle for a noninvolved vehicle or vehicles unless those passengers also qualify as insureds under those separate policies.

In Oklahoma, the named insured has been allowed to pyramid insurance policies and receive coverage under the policies, regardless of the vehicle or the circumstances, when the named insured is injured by the negligence of an uninsured motorist.[5] However, those qualifying as insured because of occupancy or of permissive use do not qualify as insureds beyond the policy covering the vehicle in which they are riding when they are injured by an uninsured motorist. This is so because neither the passenger nor the purchaser of the policy have any legitimate contractual expectation that one, insured solely by reason of being present in a vehicle, would be entitled to recover under other policies belonging to the named insured covering vehicles which were not involved in the accident.[6]

Several jurisdictions, which have dealt with the question of stacking uninsured motorist coverage under a fleet policy, have adopted the rationale of the Virginia Supreme Court[7] in *Cunningham v. Ins. Co. of North America*, 213 Va. 72, 189 S.E.2d 832 (1972), insofar as stacking uninsured motorist coverage under a fleet policy is concerned. In that case, the employee, Cunningham, was killed in an accident while riding in a car owned by the Department of Highways. Because the Insurance Company of North America (INA) held a policy which contained uninsured motorist coverage on the vehicles owned by the employee, it argued that the employer's insurance should be liable for the total judgment of $40,000.00. The employer's insurer had issued uninsured motorist protection on 4,368 vehicles, and INA alleged that this coverage should be stacked to satisfy the judgment.

The Virginia Supreme Court disagreed, distinguishing between the broad coverage provided to a named insured, and the coverage available to an insured by virtue of occupancy in an insured vehicle. The court held that granting the same benefits to both the Class 1 insured and the Class 2 insured would place upon the insurer a risk not contemplated by the contracting parties. Therefore, the Virginia Supreme Court refused to permit stacking of the uninsured motorist coverage on 4,368 state owned vehicles contained in a single liability policy. The same rationale was the underpinning for our decision in *Babcock*.

Here, the employee was a permissive user of the employer's vehicle. He was not the named insured in the employer's State Farm policy; he occupied the status of a Class 2 insured. As such, he is entitled to the uninsured motorist coverage provided by the specific vehicle he was driving when he was injured.[8] In *Babcock*, we refused to extend stacking of uninsured motorist coverage to permissive users and occupants under policies which they neither owned nor had paid for. We find *Babcock* to be controlling here.

REVERSED.

All Justices concur.

**5.** See *Babcock v. Adkins*, 695 P.2d 1340, 1343 (Okla.1984); *Lake v. Wright*, 657 P.2d 643, 646 (Okla.1982); *Richardson v. Allstate Ins. Co.*, 619 P.2d 594, 598 (Okla.1980); *Keel v. MFA Ins. Co.*, 553 P.2d 153, 156 (Okla.1976). See also *Lambert v. Liberty Mutual Ins. Co.*, 331 So.2d 260, 264 (Ala.1976).

**6.** Note, "Insurance Law," see note 3, supra.

**7.** See note 3, supra.

**8.** *Linderer v. Royal Globe Ins. Co.*, see note 3, supra.