**Alice Jean PRIDEAUX, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 65842.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 6, 1987.

Rehearing Denied Nov. 17, 1987.

Certiorari Denied April 26, 1988.

---

Rex K. Travis and Kristy D. Sheperd, Oklahoma City, for appellant.

George D. Davis and J.R. "Randy" Baker, Oklahoma City, for appellee.

GARRETT, Judge:

Alice Jean Prideaux ("Appellant") received serious personal injuries while riding as a passenger in a car owned by Mr. & Mrs. McGinnis ("Owners") when a car owned and driven by Joel Buchholz ("Uninsured Motorist") crossed the center line and crashed head-on into the Owners' car. The Owners' car was insured by Appellee Allstate Insurance Company ("Allstate") under a single policy with liability limits of $50,000/100,000 on four vehicles, but uninsured motorist limits of only $10,000/20,000. The uninsured motorist's car was insured by only a $10,000 liability policy.

Allstate paid Appellant $10,000. She sued Allstate for the total amount of her damages up to $200,000, contending she is entitled to stack the coverage under the single policy on the Owners' four cars at the rate of $50,000 per vehicle. She claims that the Owners were entitled to uninsured motorist coverage by Allstate to the extent of their liability limits, $50,000, but that they did not receive a sufficient offer from Allstate on which to base an informed rejection of the possible higher coverage. Allstate, on the other hand, contends that it met its burden and that the Owners rejected the higher limits. The trial court sustained Allstate's motion for summary judgment. We affirm.

We must answer three questions to resolve this appeal:

(1) Can Appellant, as passenger, stack the uninsured motorist coverage on the Owners' four vehicles which are insured under a single policy?

(2) Did Allstate make a sufficient offer of the maximum uninsured motorist coverage available, so that the Owners could make an informed decision?

(3) Was Allstate required to secure a written rejection of the maximum uninsured motorist limits available?

■ Appellant is not entitled, as a passenger, to stack the single policy coverage on the Owners' four vehicles. Our conclusion is based upon *Babcock v. Adkins*, 695 P.2d 1340 (Okl.1985), which we find to be dispositive of this issue. In *Babcock*, the Oklahoma Supreme Court held that a pas-

senger could not stack the four insurance policies providing uninsured motorist coverage on the four vehicles of the named insured, and thus recognized the difference between a named insured and a person insured by virtue of her status as a passenger in one of the covered vehicles. Appellant contends that *Babcock* is distinguishable, and therefore not controlling, because it involved multiple policies on four vehicles, as opposed to the present case involving a single policy covering four vehicles. We disagree and hold that there is no rational distinction between the two factual situations. The Supreme Court stated in *Babcock* at page 1342:

The majority of the jurisdictions that have considered the matter have made the following distinction: One who is a named insured under a policy or policies of uninsured motorist insurance possesses a broad reservoir of coverage by virtue of the fact that this coverage is not tied to the occupancy of any vehicle, while one whose status as an insured is tied to the occupancy of an insured vehicle is entitled only to coverage under the specific policy covering that vehicle at the time of the accident.

In reaching its decision in *Babcock*, the court relied on cases from jurisdictions which refused to allow a passenger the same privilege of stacking as that given to the named insured. Several of the cases relied upon involved single policies covering more than one vehicle, similar to the situation before us now. We do not believe the Supreme Court intended such a narrow interpretation in *Babcock* as Appellant contends.

Appellant next contends that Allstate has not met its burden of proving a sufficient offer of the higher uninsured motorist limits or of an informed rejection by the Owners. We disagree.

■ Oklahoma's uninsured motorist's statute, 36 O.S.1981 § 3636(B) provides in part that uninsured motorist coverage shall not be less than the amounts or limits prescribed for bodily injury or death as required by 47 O.S.1981 § 7–204, under Oklahoma's Motor Vehicle Code. It also provides in part that "increased limits of liability shall be offered and purchased if desired, not to exceed the limits provided in the policy of bodily injury liability of the insured." We find that the evidence in this case shows that Allstate made meaningful offers, both written and oral, as statutorily required under § 3636(B). Deposition testimony of owner Mrs. McGinnis shows that the insurance agent discussed the higher limits of uninsured motorist coverage with the Owners, but that they saw no need to take the higher limits available to them. She also testified that an offer of uninsured motorist coverage at the higher limits was stated in their policy renewal statement each time they received one, but that they did not feel the need to take it. The insurance agent testified that he discusses the higher limits with every customer. He also stated that the extra coverage was not available at the time they took out their first policy, but that when it became available he offered it to them. This evidence appears to be undisputed. This assignment of error is therefore without merit.

■ Finally, we hold that a written rejection of the maximum uninsured motorist limits is not required. The uninsured motorist statute simply does not require such a rejection to be in writing. 36 O.S.1981 § 3636(F) provides that the named insured "shall have the right to reject such uninsured motorist coverage in writing,...." Appellant contends that the reference to "such uninsured motorist coverage" refers to subsection (B) and its requirement of an offer of the maximum uninsured motorist limits. However, we interpret subsection (F) to require a written rejection of the statutorily required *minimum* amount of uninsured motorist coverage, rather than the *optional* higher limits of liability which the insured may purchase *if desired*. Because uninsured motorist coverage is required under 36 O.S.1981 § 3636, in at least minimum amounts, the insured must specifically reject, in writing, such coverage before the policy can be issued. Unless the minimum amounts as required by law under § 3636(B) and 47 O.S.1981 § 7–204 are specifically rejected by the insured, pursu-

ant to § 3636(F), the automobile insurance policy will provide minimum amounts of uninsured motorist coverage. The higher limits of liability, being optional, do not have a similar requirement for a written rejection. See *Gray v. Allstate*, CIV–82–1373–W (W.D.Okla.1983). We therefore find Appellant's contention that such written rejection is required to be without merit.

As we find the issues discussed above completely resolve this appeal, it is not necessary to discuss the other issues raised by Appellant. We therefore find that the trial court was correct in sustaining Allstate's motion for summary judgment, and the judgment entered is AFFIRMED.

ROBINSON, P.J., and REYNOLDS, J., concur.