Bradley K. STANTON and Linda E. Stanton, Plaintiffs,

v.

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, and Farmers Insurance Company, Inc., Defendants.

No. 64259.

Supreme Court of Oklahoma.

Nov. 24, 1987.

Naylor & Williams, Inc. by Paul B. Naylor, Tulsa, for plaintiffs.

Rhodes, Hieronymus, Jones, Tucker, & Gable by John H. Tucker, Tulsa, for defendant American Mut. Liability Ins. Co.

Wilburn, Knowles & King by Ray H. Wilburn, Tulsa, for defendant Farmers Ins. Co., Inc.

DOOLIN, Chief Justice.

The United States District Court for the Northern District of Oklahoma has certified the following questions of law pursuant to the Uniform Certification of Questions of Law Act: [1]

(1) Under the stipulated facts, can Bradley K. Stanton stack uninsured motorist coverage for the 379 H.B. Fuller vehicles insured by the American Mutual Fleet Policy?

(2) If the concept of stacking is applicable to uninsured motorist claims of an additional insured permissive user of a fleet vehicle, is the "our limit of liability" clause of the insurance policy valid and applicable to preclude stacking under the stipulated facts?

In addressing the first certified question, this Court, following stare decisis, answers in the negative.

I. STIPULATED FACTS

Stanton was injured in an automobile collision, with an admittedly negligent uninsured motorist while traveling on U.S. Highway 69 in Muskogee County, Okla-

1. 20 O.S.1981 § 1601 et. seq.

homa. Stanton was driving a vehicle owned by his employer, H.B. Fuller (Fuller), which was one of 379 Fuller vehicles insured under a Business Automobile Fleet Policy issued by the American Mutual Liability Insurance Company (American Mutual).

At the time of the accident, Stanton was not acting in the course of his employment, but he was authorized to use the vehicle for his personal use as part of his compensation with Fuller. Fuller and its subsidiary companies are the "named insureds" under the American Mutual fleet policy, and Stanton is only an additional insured.

All premiums for the fleet policy were paid by Fuller. The fleet policy provides for uninsured motorist coverage for the 379 vehicles, which are operated in several states. However, the terms of the fleet policy limit the uninsured motorist coverage for an additional insured, injured in Oklahoma, to the statutory amount required, which is $20,000.00 per accident.[2]

Stanton and his wife brought suit against American Mutual and their personal insurer, Farmers Insurance Company, Inc. (Farmers), with whom Stanton maintained insurance coverage on his own vehicle. The limit of uninsured motorist coverage under the Farmers' policy is $10,000.00. However, the Stanton's claims for damages are in excess of $30,000.00, and they seek recovery of that excess under the uninsured motorist coverage of Fuller's policy with American Mutual, claiming the right to stack coverage for all 379 vehicles in Fuller's fleet.

## II. ISSUE

As we view this case, the only issue to be decided is whether an employee, who is insured only because he is an occupant or permissive user of a vehicle insured under a business fleet policy, is entitled to pyramid uninsured motorist coverages for each and every vehicle covered under his employer's fleet policy. We hold that he may not. *Rogers v. Goad*, 739 P.2d 519 (Okla. 1987). However, this holding does not prohibit an injured employee from stacking the uninsured motorist coverage of his personal automobile insurance policy with that of his employer's insurance for the single vehicle in which he was injured.[3] It is intended only to prevent the multiplication of uninsured motorist coverage in a fleet insurance policy by the total number of vehicles in the insured fleet.

## III. DISCUSSION

*Rogers* is the underlying rationale for our opinion today, because *Rogers* presented the most analogous situation to the matter now before us. In that case, an employee was injured in an automobile accident while driving a pickup, which was insured under a fleet liability policy covering 17 other commerical vehicles. The employee rejected the amount available under the uninsured motorist coverage for the single vehicle in which he was injured. He alleged that the uninsured motorist coverage on all 18 vehicles could be stacked under his employer's fleet policy.

The trial court permitted stacking because the fleet policy contained no provisions either prohibiting or endorsing it. In reviewing that case, this Court held that a permissive-user employee, who is not the named insured under his employer's commerical fleet policy, only occupies the status of a Class 2 insured,[4] and is only entitled to the uninsured motorist coverage

---

**2.** 47 O.S.1981 § 7–204.

**3.** "In Oklahoma, the named insured has been allowed to pyramid insurance policies and receive coverage under the policies, regardless of the vehicle or the circumstances, when the named insured is injured by the negligence of an uninsured motorist. However, those qualifying as insured because of occupancy or of permissive use do not qualify as insureds beyond the policy covering the vehicle in which they are riding when they are injured by an uninsured motorist." *Rogers,* 739 P.2d at 522.

**4.** "The distinction between Class 1 insureds and Class 2 insureds was addressed in *Babcock v. Adkins,* 695 P.2d 1340, 1343 (Okla.1984). This Court adopted the majority rule that occupants, who are entitled to uninsured motorist coverage simply because of their status as occupants or permissive users, may not stack uninsured motorist coverage." *Rogers,* 739 P.2d at 521.

provided for the specific vehicle he was driving when he was injured.

## IV. CONCLUSION

Under the view adopted in this jurisdiction,[5] Stanton's status as a permissive user of a single Fuller vehicle cannot be extended so as to afford him the right to stack coverage as a non-occupant of 378 other Fuller vehicles insured by American Mutual. It is clear that at the time they entered into their contract, Fuller and American Mutual contemplated that the fleet coverage would extend uninsured motorist benefits only to an occupant or permissive-user employee of a single vehicle. To find otherwise would entitle Stanton to claim total coverage of $7,580,000.00 (379 x $20,000.00), without contribution from him towards securing such coverage. Such a result is clearly an absurdity.

Here, Stanton was a permissive-user employee of Fuller's vehicle. He was not the named insured under Fuller's fleet policy with American Mutual; nor did he pay the premiums for the broad coverage extended to the named insured. Thus, Stanton only occupied the status of a Class 2 insured. In answering the first certified question, we hold that Stanton is not entitled to stack the uninsured motorist coverage for the remaining 378 Fuller vehicles. The maximum liability of American Mutual is $20,000.00, that being the uninsured motorist coverage available to Stanton who was an insured by virtue of being a permissive-user employee at the time of the accident. Having reached this conclusion, we find it unnecessary to address the second certified question.

CERTIFIED QUESTIONS ANSWERED.

All Justices concur.

---

**5.** See *Cunningham v. Ins. Co. of North America,* 213 Va. 72, 189 S.E.2d 832 (1972).