944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ST. PAUL MERCURY INSURANCE COMPANY, Plaintiff-Appellee,
v.
Joseph J. DALLAROSA, and Paula J., Dallarosa, Individually
and as Personal Representative of the Estate of
Christopher P. Dallarosa, deceased,
Defendants-Appellants.
 No. 91-6109.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants appeal the district court's order granting summary judgment in favor of St. Paul Mercury Insurance Company (St. Paul). On appeal, appellants contend that the district court erred in granting summary judgment in favor of St. Paul because the St. Paul insurance policy denies the decedent uninsured motorist coverage, which violates the public policy manifested in the Oklahoma uninsured motorist statute. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review summary judgment orders de novo, using the same standards the district court applies. Osgood v. State Farm Mut. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). We must decide whether the St. Paul insurance policy purchased in this case violates Okla.Stat. tit. 36, § 3636. Section 3636 requires that all automobile insurance policies provide uninsured motorist coverage to "persons insured thereunder" unless the person insured specifically rejects such coverage in writing. The district court found that section 3636 did not apply because the decedent did not qualify as an insured under the St. Paul policy. We agree.
 
 
 4
 The St. Paul policy defines an insured as any person occupying a covered automobile. In this case, the decedent was killed while driving a vehicle other than the covered automobile. Thus, the decedent does not qualify as an insured under the terms of the policy. The appellants contend that this type of policy should be void because it attempts to tie uninsured motorist coverage to a particular vehicle. See Cothren v. Emcasco Ins. Co., 555 P.2d 1037 (Okla.1976). However, the policy in this case does not attempt to tie coverage to a vehicle, but instead defines the class of insured individuals. Because Oklahoma law does not mandate a particular class of insureds, the St. Paul provision does not violate public policy. See Babcock v. Adkins, 695 P.2d 1340 (Okla.1984); Shepard v. Farmers Ins. Co., 678 P.2d 250 (Okla.1983).
 
 
 5
 Section 3636 only mandates uninsured motorist coverage for "persons insured thereunder." The decedent was not an insured within the meaning of the St. Paul policy, and therefore, the district court properly granted summary judgment in favor of St. Paul. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3