Toby J. TOWNSEND, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 69978.

Supreme Court of Oklahoma.

Sept. 28, 1993.

Abel, Musser, Sokolosky & Clark by Ed Abel, Ted Sherwood, and Lynn B. Mares, Oklahoma City, for appellant.

Don Manners Law Office by Michael J. Tullius, and William J. Molinsky, Jr., Oklahoma City, for appellee.

HODGES, Chief Justice.

This case raises one issue: Does an insurer's duty to act in good faith and deal fairly with its insureds extend to a class 2 insured passenger covered by a named insured's uninsured motorist policy? The question is answered in the affirmative.

Toby Townsend was a covered passenger in a car owned by Abner Penn and driven by his son Michael. Penn's car was struck by a car driven by Lee. Lee had liability coverage up to $50,000, but Townsend incurred over $900,000 in damages from the collision. Townsend filed a claim with Penn's uninsured (underinsured) motorist carrier, State Farm Mutual Insurance Company (State Farm) seeking the $25,000 policy limit amount.

In his petition, Townsend included a claim against State Farm for failing to deal fairly and act in good faith towards him. State Farm moved to dismiss the claim. It argued that there was no contractual nor statutory relationship between Townsend and State Farm because Townsend was not a party to Penn's uninsured motorist policy. Thus, State Farm argued, Townsend had no standing to bring a bad faith action. The trial court dismissed the bad faith claim and Townsend appealed.

The Court of Appeals reversed the trial court finding "no cogent reason for not requiring an insurer to deal fairly and in good faith with *all* insureds [whether they be named insureds or class 2 insureds] asserting uninsured/underinsured claims under a policy for the automobile in which they are injured." The cause was remanded to the trial court. This Court granted State Farm's petition for certiorari review of a first impression question.

The question is whether a class 2 insured automobile passenger who is covered under another person's uninsured motorist policy may bring a bad faith action against the insurer. This Court agrees with the Court of Appeals' conclusion that the claim should not have been dismissed.

An action for breach of an insurer's implied-in-law duty of good faith and fair dealing has long been recognized. Originally, an action was allowed when an insurer wrongfully refused to settle a third-party claim against the insured. When the third party obtained a judgment for an amount over the policy limit, the *insured* brought a bad faith action against the insurer to recover that amount. *See, e.g., Boling v. New Amsterdam Casualty Co.,* 173 Okla. 160, 46 P.2d 916 (1935). Later, an insured under a disability policy was allowed to maintain an action for his insurer's wrongful refusal to pay benefits directly to him. *See Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla. 1977).

Standing to bring such an action, however, has been denied to third-party claimants who are mere strangers to the contract of insurance. For example, in *Allstate Insurance Co. v. Amick,* 680 P.2d 362 (Okla. 1984), a third-party claimant who was involved in a car accident with another driver lacked standing to bring a bad faith action against the other driver's insurer. There

was no contractual nor statutory relationship giving rise to a duty of good faith and fair dealing. *Id.* at 384. In contrast, *Roach v. Atlas Life Insurance Co.*, 769 P.2d 158 (Okla.1989), held that the named beneficiary of a life insurance policy could maintain an action for the insurer's bad faith refusal to pay policy proceeds. Recently, this Court held that workers are by statute third-party beneficiaries of an employer's workers' compensation policy. *Goodwin v. Old Republic Insurance Co.*, 828 P.2d 431 (Okla.1992). The question on the instant facts becomes whether Townsend, as a class 2 insured passenger covered under Penn's uninsured motorist policy, had a contractual or statutory relationship with Penn's insurer which granted him standing to bring a bad faith claim. Analysis reveals that Townsend had both a contractual and a statutory relationship with State Farm.

This Court has recognized a distinction between "class 1" and "class 2" insureds. Class 1 insureds are the named insured and resident relatives of the named insured. Class 2 insureds are permissive users and occupants of an insured vehicle. *Rogers v. Goad*, 739 P.2d 519, 521 (Okla.1987). The parties agree that Townsend falls within the class 2 category. The dispute centers on the legal effect of that status. State Farm argues that the insurer's duty of good faith and fair dealing runs only to the named insured. Townsend argues that class 2 insureds should also be able to bring a bad faith action.

State Farm cites *Babcock v. Adkins*, 695 P.2d 1340 (Okla.1984), as authority for its assertion that only the named insured is owed a duty of good faith and fair dealing. In *Babcock*, injured passengers, class 2 insureds, brought a claim under the car owner's uninsured motorist policy. But passengers also sought to recover under the uninsured motorist policies the owner held on *other* vehicles. Those vehicles were not involved in the collision.

This Court held that the injured passengers could recover under the policy covering the involved vehicle but they could not stack the uninsured motorist policies covering uninvolved vehicles. This was because "[n]either the passenger nor the purchaser of the policy would have any legitimate contractual expectation that one injured solely by reason of his presence in a vehicle would be entitled to a recovery under other policies belonging to the named insured covering vehicles which were not involved in the accident." *Id.* at 1343. The same cannot be said of Townsend's claim.

Penn, the named insured, purchased protection from uninsured motorists for himself, for family members, for permissive users, and for passengers. This gave rise to a legitimate contractual expectation that the insurer would act in good faith and deal fairly with all insureds, whether they were of a class 1 or class 2. *Babcock's* distinction between class 1 and insureds and class 2 insureds did not affect Townsend's standing to bring a bad faith action.

Townsend had standing for another reason. He enjoyed a statutory relationship with State Farm by virtue of section 3636 of title 36 of the Oklahoma statutes. Subsection B of that provision requires insurers to offer uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.…" By this provision, the legislature established a statutory relationship between the insurer and all insureds.

Townsend, as a class 2 insured under the uninsured motorist policy, should have been allowed to assert his bad faith claim against State Farm. The Court of Appeals was correct in reversing the trial court's dismissal of Townsend's claim.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED; CAUSE REMANDED TO TRIAL COURT.

OPALA, ALMA WILSON, KAUGER and WATT, JJ., concur.

SUMMERS, J., concurs in result.

LAVENDER, V.C.J., and SIMMS and HARGRAVE, JJ., dissent.