**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DARIN P. FARBER,

      Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 96-5187
(D.C. No. 94-CV-1155-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this diversity case, plaintiff-appellant Darin P. Farber appeals from the district court's grant of summary judgment against him on his claim for benefits under uninsured motorist policies issued by defendant-appellee State Farm Mutual Automobile Insurance Company (State Farm). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

## BACKGROUND

Mr. Farber, an Oklahoma resident, was injured in an automobile accident on July 17, 1993, when another driver ran a red light and collided with his 1990 Ford pickup truck. The other driver's insurance was inadequate to compensate him for his claimed injuries. Mr. Farber sought uninsured motorists' benefits[1] from State Farm, which had issued ten separate automobile insurance policies covering the ten vehicles kept at his family's ranch.

Mr. Farber lived at the ranch with his mother and stepfather, Lee Roy and Janice West, and worked for the family ranching business, J-Bar-L Incorporated. He owned three of the family's ten insured vehicles, including the pickup truck involved in the accident. It was Ms. West who dealt with State Farm representatives in purchasing the policies and in completing the necessary

---

[1]    Under Oklahoma law, the term "uninsured" motorist includes an underinsured motorist, whose liability limits are less than the amount sought by a claim. See Okla. Stat. tit. 36, § 3636(C).

application forms, although Mr. Farber had some contact with them.[2]  J-Bar-L

Incorporated paid the premiums.

The policies, which are identical forms issued by State Farm, define the

term "insured" as:  "1. the first **person** named in the declarations; 2. his or her

**spouse**; 3. any **relative** who does not own a car; and 4. any other person while

**occupying** . . . **your car**."  <u>See, e.g.</u>, Appellant's App. at 68.  Mr. West was the

first person named in the declarations of all ten policies, even those covering Mr.

---

[2]    Mr. Farber has given three different accounts of his contacts with State
Farm representatives.  At his deposition on February 24, 1995, he stated that he
had telephoned State Farm to inform them that he purchased the Ford pickup
truck, needed full insurance coverage, and wanted to have the policy listed under
the name of Mr. West.  <u>See</u> Appellant's App. at 195-96.  He admitted that Ms.
West made the contacts on his other two vehicles.  <u>Id.</u> at 197.  In an affidavit
dated October 16, 1995, Mr. Farber added that "[o]n some occasions . . . I
inquired if I shouldn't have the policies issued in my name and was advised it was
okay and better for us if my vehicles were insured under my parents' name."  <u>Id.</u>
at 198.  In an affidavit dated March 15, 1996, Mr. Farber attempted to supplement
the record with a statement that a "lady (name unknown)" at the State Farm office
assured him that he was "covered exactly the same" as his mother and stepfather.
<u>Id.</u> at 217.

We note that the March 15 affidavit was submitted for the first time in
connection with Mr. Farber's motion to alter or amend judgment under Fed. R.
Civ. P. 59(e).  To supplement a Rule 59(e) motion with additional evidence, the
movant must show either that the evidence was newly discovered or that, for
evidence available at the time summary judgment was granted, counsel made a
diligent yet unsuccessful attempt to discover it.  <u>See</u> <u>Webber v. Mefford</u>, 43 F.3d
1340, 1345 (10th Cir. 1994).  Because Mr. Farber's March 15, 1996 affidavit does
not satisfy either requirement, this court will disregard it.

Farber's three vehicles. Each policy provided uninsured motorist coverage of $10,000 per person.

After the accident, Mr. Farber sought to aggregate or "stack" coverage under the ten policies, so that a total of $100,000 would be available to pay his claims. Initially, State Farm denied any coverage, but, on August 25, 1995, tendered a check for $10,000, its limit under the pickup truck policy. State Farm's explanation was that Mr. Farber met the definition of an insured under that policy, as a person occupying the truck at the time of the accident. He was not an insured under any of the other policies as a first listed person, a spouse of the listed person, or a relative who does not own a car.

In the district court, Mr. Farber alleged that State Farm was estopped from denying stacked coverage, or, alternatively, was required to provide stacked coverage under the terms of an oral contract. He also asserted a claim for bad faith denial of insurance benefits. The court entered summary judgment in favor of State Farm on all claims and denied Mr. Farber's Fed. R. Civ. P. 59(e) motion to alter or amend judgment.

## DISCUSSION

This court reviews the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c) to determine if any genuine issue of material fact was in dispute and if the

substantive law was correctly applied. See Webber v. Mefford, 43 F.3d 1340, 1342-43 (10th Cir. 1994). In applying the standard, the court is to construe the factual record and all reasonable inferences from the record in the light most favorable to the party opposing summary judgment. See Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir. 1994). To the extent Mr. Farber is contesting the district court's denial of his Rule 59(e) motion to alter or amend the judgment, this court evaluates the ruling for an abuse of discretion. See Webber, 43 F.3d at 1345.

On appeal, Mr. Farber argues that (1) he is entitled to stacked benefits under the two policies covering his own vehicles, through an oral insurance contract or, alternatively, through application of the doctrine of reasonable expectations[3] and (2) he has a valid bad faith claim against State Farm for its treatment of his claims under all ten policies. These contentions are without merit.

---

[3] In the district court, Mr. Farber did not raise the doctrine of reasonable expectations. Ordinarily, this court will not entertain issues that are raised for the first time on appeal. See Jenkins v. Wood, 81 F.3d 988, 996 (10th Cir. 1996). In this instance, however, the court addresses the issue on the merits. The Oklahoma Supreme Court did not adopt the doctrine in the interpretation of insurance policies until after the district court entered summary judgment. See Max True Plastering Co. v. United States Fidelity & Guar. Co., 912 P.2d 861, 862, 870 (Okla. 1996). Furthermore, Mr. Farber's reasonable expectations argument relies upon the same facts and analysis as his estoppel argument, which was raised and resolved in the district court, but not briefed on appeal.

A claimant may stack uninsured motorist coverage under multiple policies, but "the claimant must first be an insured under each policy," Mann ex rel. Mann v. Farmers Ins. Co., 761 P.2d 460, 465 (Okla. 1988) (quoting Shepard v. Farmers Ins. Co, 678 P.2d 250, 252-53 (Okla. 1983)), viewing each policy independently, see State Farm Mut. Auto. Ins. Co. v. Wendt, 708 P.2d 581, 585 (Okla. 1985). Thus, to stack coverage from the policies on his other two vehicles, Mr. Farber had the burden of showing that he and State Farm had reached an oral contract making him the insured under those policies. A valid oral contract requires

> an actual application or offer to purchase insurance and an actual acceptance of the offer, including therein the following elements: 1. The subject of the insurance; 2. The risks insured against; 3. The amount of indemnity; 4. The time when the risk attaches and ends; and 5. The amount of the premium . . . [T]here is no contract until the minds of the parties meet in these respects.

Glen Falls Ins. Co. v. Johnson, 403 P.2d 229, 233 (Okla. 1965). A review of the record provides no evidence of an oral contract qualifying Mr. Farber as an insured under the two policies in question.[4]

Moreover, the doctrine of reasonable expectations, an aid in the interpretation of insurance contracts, does not give Mr. Farber stacked coverage.

---

[4] This analysis is not affected by Mr. Farber's claim that State Farm violated Oklahoma law when it failed to offer him an opportunity to purchase uninsured motorist coverage. The applicable statute confers the right to reject such coverage on a "named insured or applicant." Okla. Stat. tit. 36, § 3636(F). Under the uncontested facts, Mr. Farber does not fit into either category.

As adopted in Oklahoma, the doctrine is applicable only "to cases in which policy language is ambiguous and to situations where, although clear, the policy contains exclusions masked by technical or obscure language or hidden exclusions." Max True Plastering Co. v. United States Fidelity & Guar. Co., 912 P.2d 861, 870 (Okla. 1996). Contrary to Mr. Farber's contention, the doctrine does not apply to either the alleged, but legally invalid, oral contract or to the State Farm policy, which provides an unambiguous and nontechnical definition of the term "insured."

Finally, Mr. Farber claims that State Farm breached its duty of dealing fairly and in good faith with him in connection with all ten State Farm policies. Mr. Farber's standing to make a bad faith claim, however, is confined to the Ford pickup truck policy. See Townsend v. State Farm Mut. Auto. Ins. Co., 860 P.2d 236, 238 (Okla. 1993). As the district court correctly observed, "there is no evidence in the record reasonably tending to show that State Farm acted in bad faith with respect to this policy under which it has already paid Farber in full." Appellant's App., 12-13.

## CONCLUSION

The judgment of the United States District Court for the Northern District of Oklahoma is affirmed for substantially the same reasons expressed in the

district court's orders, entered July 28, 1995, February 13, 1996, and June 28, 1996.

Entered for the Court

Michael R. Murphy
Circuit Judge