2002 OK CIV APP 118

**Ricardo WIDMANN and Jan Widmann, husband and wife, Plaintiffs/Appellants,**

v.

**ACCEPTANCE INSURANCE COMPANY, a Nebraska corporation; Acceptance Indemnity Insurance Company, a Nebraska corporation; and Redland Insurance Company, a Nebraska corporation, Defendants/Appellees.**

**No. 97,655.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 12, 2002.

Rehearing Denied and Opinion Modified Aug. 16, 2002.

Certiorari Denied Nov. 19, 2002.

Victor L. Hodge, Victor L. Hodge & Associates, Edmond, OK, for Plaintiffs/Appellants.

Michael J. Masterson, Wilburn & Masterson, Tulsa, OK, for Defendants/Appellees.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 Plaintiff, Ricardo Widmann (Plaintiff), owned and operated a 1999 Dodge van that was covered under a fleet policy issued by Defendants to "named insureds," Airport Express, Inc. and Express Shuttle, its wholly owned subsidiary, (hereinafter Airport Express). Plaintiff worked under a contract allowing him to carry passengers for Airport Express. He in return paid a weekly tariff to Airport Express.

¶ 2 Plaintiff was involved in an accident with an alleged underinsured motorist. Plaintiff suffered serious injury. His medical bills were around $200,000.00 and required him to miss ten months of work. Plaintiffs signed a release of liability to Defendant Acceptance Insurance Company, (Acceptance), in exchange for $45,000.00 in uninsured/underinsured motorist benefits, (UM/UIM), based on a $50,000.00 limit on uninsured motorist coverage on each vehicle covered by the policy.[1]

¶ 3 Plaintiffs [2] filed this lawsuit against all Defendants alleging they signed the release based on representations by Acceptance that $45,000.00 was all the UM/UIM coverage available to him.[3] This representation, they claimed, was false and Defendants knew it was false. Because of the fraud and deceit of all Defendants, Plaintiffs suffered damages including loss of consortium. In a second cause of action, Plaintiffs asked the court to give judgment including punitive damages against Defendants claiming their acts were willful, wanton and in total disregard of the rights of Plaintiffs and not done in good faith.

¶ 4 After all defendants had answered, Plaintiffs filed a motion for partial summary judgment against Acceptance, asking the court to find it was an uncontroverted fact Plaintiffs signed the release in favor of Defendants based on representations of Acceptance that only $50,000.00 in UM/UIM coverage was available to him.

¶ 5 All Defendants responded and filed their own motion for summary judgment. The trial court overruled Plaintiffs' motion and granted Defendants' motion and entered judgment in favor of Defendants on all claims. Plaintiffs filed this appeal without appellate briefs in conformance with the procedures for the appellate accelerated docket, Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch.15, App.2.

---

1. Defendant paid the additional $5,000.00 to the passenger in Plaintiff's vehicle.

2. Plaintiff's wife is an additional party plaintiff.

3. The endorsement to the policy adding Plaintiff's vehicle limited coverage for UM/UIM to $50,000.00 per occurrence.

■ ¶ 6 The issue before this Court is whether Plaintiff is entitled to stack or aggregate UM/UIM proceeds with respect to the 24 other vehicles listed in Defendants' fleet policy which includes vehicles Plaintiff did not own and for which he did not pay a premium for UM/UIM coverage. Airport Express, Inc. and Express Shuttle were the only "named insureds" on the face of the policy. Plaintiff was included as an additional insured.

¶ 7 The Declarations portion of the contract of insurance provides:

Who is An Insured

1) You [4]

2) If you are an individual, any "family member."

3) Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss, or destruction.

4) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

¶ 8 Plaintiff is an additional insured under section 3 above. Nothing in the policy puts him in the position of "named" insured.

¶ 9 The policy also states the Limit of Insurance to be:

1.a. The most we will pay for all damages sustained in such accident by an insured other than you or any family member is that insured's pro rata share of the limits shown in the schedule or declarations applicable to the vehicle that insured was occupying at the time of the accident.

2. If the bodily injury is sustained by any insured other than you or any family member, in an accident in which neither you nor any family member sustained bodily injury, the limit of liability shown in the schedule or declaration for this coverage is our maximum limit of liability for all damages resulting from any such accident.

¶ 10 Plaintiffs point to the portion of the policy allowing stacking of coverage on all the policies. That portion states:

D. Limit of Insurance

1. Regardless of the number of insureds, or claims made, the most we will pay for all damages resulting from any one accident is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. If there is more than one covered "auto," our limit of insurance for any one "accident," if the "bodily injury" is sustained by your or any "family member" is the *sum of the limits applicable to each covered auto.* Subject to this maximum limit of liability for all damages. (Emphasis supplied)

¶ 11 Plaintiffs argue this language clearly covers Plaintiff as the insured owner and driver. Thus, he is entitled to stack the coverage on all the fleet vehicles. We disagree. Plaintiff is not the named insured or a family member. The policy covering Plaintiff's vehicle provided for $50,000.00 in UM/UIM. Section 1.a. above clearly limits the amount Defendants will pay someone in Plaintiff's position who is not a named insured.

¶ 12 In *Babcock v. Adkins,* 1984 OK 84, 695 P.2d 1340, the Oklahoma Supreme Court held a passenger in an insured vehicle who is entitled to uninsured motorist coverage, solely because of his status as a passenger, may not stack uninsured motorist coverage under separate policies purchased by the owner of the involved vehicle. The Court cited *Keel v. MFA Insurance Co.,* 1976 OK 86, 553 P.2d 153 and its progeny clearly limiting stacking to a named insured as determined by each policy's provisions. The "purchaser of a policy would not have any legitimate contractual expectation that one insured solely by reason of his presence in a vehicle would be entitled to a recovery under other policies belonging to the named insured covering vehicles which were not involved in the accident."

---

4. The policy provides that the words "you" and "your" refer to the Named Insured in the Declarations.

¶ 13 The decision in *Babcock* pointed out the public policy behind this viewpoint is clear: "The purpose for allowing a named insured the benefit of all policies for which he has paid premiums is to provide a fulfillment of the contractual expectations that the party had when purchasing those policies." Plaintiff, however, did not have a contractual relationship with Defendants. The named insureds, Airport Express and Express Shuttle, had the contractual relationship with Defendants and paid the premiums to Defendants.

¶ 14 But, Plaintiff argues, "I *am* a named insured and even though I did not make payments directly to Defendants, I paid a premium to them through payment of the tariff to Airport Express." Therefore, he argues, he should be considered a Class I insured (named insured and relative in the household). However, Plaintiff's evidentiary material does not indicate he was paying premiums on all 25 vehicles. Plaintiffs further rely on the fact Plaintiff owned the vehicle, which should make him a named insured. This strained view would in effect rewrite the policy to include him as a named insured. Courts will not rewrite an insurance policy. The Oklahoma Supreme Court remains "committed to the practice that courts cannot substitute the name of each of the many employees of a given company in place of the employer as the named insured and thus stretch the coverage of the policy to include each employee and all of the members of his household. To do so would rewrite the contract of the parties and distort the public policy as set out in our cases." *Aetna Casualty and Surety Company v. Craig*, 1989 OK 43, 771P, 771 P.2d 212.2d 212.

¶ 15 Under the policy, Plaintiff was an additional insured only with regard to his own van.

¶ 16 In *Stanton v. American Mutual Liability Insurance Co.*, 1987 OK 118, 747 P.2d 945, an employee of H.B. Fuller was injured in an vehicle accident while driving one of Fuller's vehicles. Fuller was insured under a fleet policy issued by the defendant insurance company. The Court addressed the issue of stacking of the fleet policy coverage of 379 vehicles owned by a plaintiff's employer. The Court held the plaintiff was not entitled to more than the coverage on the vehicle he was operating. It held any other result would be "clearly an absurdity" yielding a benefit to the plaintiff of over 7½ million dollars. It was clear that at the time they entered into their contract, Fuller and the insurance company contemplated the fleet coverage would extend UM/UIM benefits only to an occupant or permissive user employee of a single vehicle.

¶ 17 Although none of the above decisions deals with the same facts as in this case, the statements reflecting public policy behind stacking of coverage in these decisions certainly controls. In the present case the policy indicates this also was the contemplation of Airport Express and Defendants. Plaintiff did not contract with Defendants. He did not pay premiums on the entire fleet. He is not a named insured under the contract. Accordingly, he is not entitled to the stacking provisions in the contract of insurance.

¶ 18 Plaintiffs spent a great deal of argument claiming Defendants did not deal with Plaintiff in good faith. He seeks reversal of the trial court's decision on this basis. However, because we hold Plaintiffs accepted a settlement from Defendants for the maximum amount to which he was entitled under the UM/UIM provisions of the policy, we need not address this argument.

¶ 19 The trial court's judgment is AFFIRMED.

ADAMS, J., and MITCHELL, J., concur.