Thomas J. HEAVNER, Appellant,

v.

FARMERS INSURANCE COMPANY, Farmer's Insurance Group and American Deposit Insurance Co., Appellees. (Two cases)

No. 57359.

Supreme Court of Oklahoma.

May 10, 1983.

Rex D. Brooks, Oklahoma City, for appellant.

Roger D. Everett, Culp, Heath & Sushnik, Oklahoma City, for appellee, Farmers Ins. Co., Inc.

Michael E. Smith, King, Roberts & Beeler, Oklahoma City, for appellee, American Deposit Ins. Co.

BARNES, Chief Justice:

On April 15, 1978, appellant, while a passenger in a car driven by Carlos H. Sturms, was injured in an accident with another automobile. Sturms was insured by appellees, Farmer's Insurance Company, Inc. and Farmer's Insurance Group, hereinafter referred to as "Farmers". Prior to the filing of the case at bar, Farmers admitted liability and filed an interpleader action naming appellant and the occupants of the other vehicle as defendants. As a result, appellant was awarded $4,500.00 of the $20,000.00 liability coverage available for distribution. Subsequently, appellant filed a "Release and Satisfaction" of judgment.

This action was later commenced by appellant to recover under the uninsured motorist provisions of Sturms' policy and under similar provisions of a policy issued by American Deposit Insurance Company, hereinafter referred to as "American", which named as the insured, appellant's sister-in-law with whom he resided. All parties filed Motions for Summary Judgment and the trial court granted appellees' motion.

On appeal, we are urged to interpret 36 O.S.Supp.1976 § 3636, to allow appellant to recover $5,000.00 from American and $5,500.00 from Farmers. Since the accident occurred in 1978, our interpretation will be limited to 36 O.S.Supp.1976 § 3636 even though the statute was amended in 1979.

We will first consider appellant's argument in regard to Farmers liability. Appellant attempts to "stack" the liability and uninsured motorist coverage under the same Farmer's policy. As previously noted, he was awarded $4,500 under the liability portion of the policy on which Sturms was named insured.

Appellant and appellee agree that appellant should be considered as an insured because he was occupying an insured motor vehicle.

Appellant then contends that since he is an insured he is eligible to collect the uninsured motorist benefits, provided in the policy. Appellee contends that under the policy definition of "uninsured motor vehicle", appellant is excluded from uninsured motor vehicle coverage. The policy provides:

"The term 'uninsured motor vehicle' shall not include:

(a) *an 'insured motor vehicle'*, or

(b) a motor vehicle owned by the named insured . . ." (emphasis added)

However, Subsection C of 36 O.S.Supp.1976 § 3636 provides:

"(c) For the purposes of this coverage the term *'uninsured motor vehicle,' shall include an insured motor vehicle where the liability insurer thereof* is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency or whose liability insurer for any reason either cannot or *is not legally required to accord at least the per person coverage limits with respect to the legal liability of its insured,* applicable to any injured party under any uninsured motorist coverage covering such injured party." (emphasis added)

■ Applying this statute to the instant case, Sturms' vehicle comes within its definition of an "uninsured motor vehicle". Because the liability insurer (Farmers) is not legally required to pay at least the per person coverage limits ($10,000.00) with respect to the legal liability of its insured, applicable to any injured party (appellant) under any uninsured motorist coverage covering such injured party, the Sturms' vehicle is considered to be uninsured. Farmers was legally obligated to pay to appellant only $4,500.00 under the liability coverage while the per person uninsured motorist coverage limit of the Farmers policy applicable to the appellant is $10,000.00. Thus, appellant is entitled to receive $5,500.00 from Farmers under the uninsured motorist coverage.

Farmers contends that even so the appellant's "Release and Satisfaction of Judgment" forecloses any and all claims he has against appellee, Farmers, as a result of injuries sustained in the accident. The Release provides that:

"Comes now the defendant ..., and hereby shows the Court that they have received the sum of $4,680,00, in full satisfaction in the judgment rendered in the matter ...; and hereby release the plaintiff from any further liability thereon..."

We disagree with Farmers' contention.

■ The wording of the "Release and Satisfaction of Judgment" is sufficiently narrow not to give rise to a legal bar when we consider uninsured motorist coverage. The Release only precluded appellant from bringing any further claim under the liability policy. The Release did not preclude appellant from making a claim under the uninsured motorist policy. Further, the release related only to the judgment.

■ Farmers argues that appellant should not be allowed to recover under the uninsured motorist provision not only because of the insured motor vehicle exclusion cited above, but also because appellant has paid no premium for the coverage and if allowed to collect, would be receiving a "windfall". Appellant is receiving no "windfall" in that his medical bills alone amount to $15,563.68.

■ In considering appellant's claim against American, we look to *Mid-Continent Casualty Co. v. Theus,* 592 P.2d 519 (Okl.1979), in which we concluded that 36 O.S.Supp.1976 § 3636 "expands the coverage to include the instance when an injured party's uninsured motorist coverage is greater than the tortfeasor's liability coverage." The reason that recovery was not allowed there was that the whole of the liability coverage was available to the injured party and was as large as the uninsured motorist coverage. Here only $4,500.00 of the liability coverage was available to the appellant and American's uninsured motorist coverage of $5,000.00 exceeds that by $500.00. Thus, applying 36 O.S.Supp.1976 § 3636 the coverage is expanded so that appellant is entitled to receive $500.00 from American under his uninsured motorist coverage.

■ Where it appears that there is no substantial controversy as to any material fact and that a party is entitled to judgment as a matter of law, summary judgment is properly granted. Rules of the District Courts, Rule 13, 12 O.S.A. ch. 2, Appendix; *Poafpybitty v. Shelly Oil Co.,* 517 P.2d 432 (Okl.1973).

The opinion of the trial court is reversed and judgment is entered against appellee Farmer for $5,500.00 and against American for $500.00.

SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER, DOOLIN, OPALA, WILSON, JJ., concur.