D. Craig Shew, Ada, for appellant.

Willard L. Driesel, Idabel, for appellees.

## OPINION

HANSEN, Vice–Chief Judge:

Appellant (State Farm) seeks review of the trial court's grant of summary judgment in favor of Appellees. This action was brought to seek recovery under the uninsured motorist coverage of a motor vehicle insurance policy written by State Farm.

Appellee Michelle Lewis, and her infant son, Shamarco (Mack) Lewis, were passengers involved in a one car accident in McCurtain County, Oklahoma. Michelle was injured and her son was killed. The car was owned by Ricky Parker, an Arkansas resident, and was driven with Parker's permission by James Boyle, another Arkansas resident.

State Farm's policy was issued to the owner, Parker, in Arkansas. The policy had $25,000.00 per person liability limits for personal injury, with uninsured motorist coverage of an equal amount. State Farm paid the policy liability limits in a "friendly suit", but denied Appellees' claims under the uninsured/underinsured motorist coverage. There is no dispute that Appellees' claims exceed the liability limits of the Parker policy.

In denying underinsured motorist coverage, State Farm relied upon a provision in the Parker policy which excluded from the

Michelle **LEWIS,** a/k/a **Michelle L. Andrews, and Alma Walker, Personal Representative of the Estate of Sharmarco Rodrequis (Mack) Lewis, Deceased, Appellees,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Appellant.**

**No. 78538.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 25, 1992.

As Corrected Oct. 23, 1992.

definition of an underinsured vehicle any land motor vehicle "insured under the liability coverage of this policy". Upon its face, this provision, if given effect, would obviate underinsured motorist coverage under the facts here.

The parties agreed there were no material issues of fact to be determined by a jury. They presented the matter to the trial court upon respective motions for summary judgment, to be decided as a matter of law. In its Journal Entry of Judgment in favor of Appellees, the trial court framed the question presented as:

> ... whether certain exclusionary language ... of the Parker policy is valid and enforceable as against the Plaintiffs, or whether it is void and unenforceable in violation of the public policy of this State.

The exclusionary language referred to in the trial court's Judgment was that provision excluding the insured vehicle from the policy's definition of an underinsured vehicle. The trial court concluded, as a matter of law, that such an exclusion was violative of the public policy of Oklahoma as set forth in *State Farm Mutual Automobile Insurance Company v. Wendt*, 708 P.2d 581 (Okla.1985).

In *Wendt*, the Supreme Court held that any attempt to tie uninsured motorist coverage to a vehicle alone, rather than who was entitled to coverage as an insured, must fail. As the Supreme Court did in *Wendt*, the trial court here found the exclusionary provision to be unenforceable and awarded judgment for Appellees.

We find no reversible error of law. We further find the conclusions of law of the trial court in its Judgment attached hereto, adequately explain its decision. Accordingly, the judgment of the trial court is AFFIRMED under Rule 1.202(d), Rules of Appellate Procedure in Civil Cases, 12 O.S. 1991, Ch. 15, App. 2. and the matter is REMANDED for further proceedings.

BAILEY, P.J. and HUNTER, J. concur.

EXHIBIT A

In the District Court of McCurtain County State of Oklahoma

MICHELLE LEWIS, a/k/a

MICHELLE L. ANDREWS and

ALMA WALKER, Personal

Representative of the Estate

of Shamarco Rodrequis (Mack)

Lewis, deceased,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY, a foreign

corporation,

Defendant.

Case No. C–90–459

Filed Oct. 18, 1991.

JUDGMENT

Now on this 15th day of August, 1991, there came on for decision in the above case Motions For Summary Judgment filed by both Plaintiff and Defendant. This Court previously entered an Order on April 23, 1991 that both parties were to submit Motions For Summary Judgment, accompanied by Briefs, Response Briefs and Reply Briefs (if desired). That Order of April 23, 1991, was based upon the agreement of the attorneys for both parties, in open Court, that there were no material issues of fact to be resolved by a jury, and that the case should be decided purely on questions of law.

Upon consideration of all Motions, Briefs, Response Briefs and Reply Briefs filed by both parties, the Court finds that neither party raises any issue of fact to be submitted to a jury pertaining to issues of liability or damages alleged by the Plaintiffs, that only questions of law are presented to the Court, and further that this case is ripe for decision by Summary Judgment.

After considering all Briefs, Responses and Replies filed by both parties, and after independent research of the law by the Court, in accordance with Rule 13 for the Rules of the District Courts, the Court deems as admitted the undisputed facts as set forth by the Plaintiff, for the purpose of Summary Judgment. The question presented is whether certain exclusionary language of Endorsement 6885Y of the Parker policy is valid and enforceable as against the Plaintiffs, or whether it is void and unenforceable in violation of the public policy of this State. The endorsement, which pertains to underinsured motor vehicle coverage, states in pertinent part that:

"An underinsured motor vehicle does not include a land motor vehicle:

1. Insured under the liability coverage of this policy."

It is the above provision of Endorsement 6885Y that Defendant seeks to enforce, which would, if given effect, deny coverage to Plaintiffs under the facts of this case. No other conditions, endorsements, policy provisions or issues are raised which would deny underinsured motor vehicle coverage to Plaintiffs under the facts of this case, except for the provision quoted above. It is undisputed that, except for the above provision, the vehicle in which Plaintiffs were riding as passengers was underinsured at the time of the accident. Nor is it disputed that the driver of that vehicle was underinsured and that Plaintiffs' claims exceed the liability limits of the Parker policy.

Both parties argue and agree that this action is one based upon contract, both parties seek interpretation of certain provisions of the contract, and both parties seek to enforce those provisions of the contract in this Court. The rule governing interpretation of contracts in Oklahoma is 15 O.S. § 162, which requires application of the law of the State where the contract is to be performed, or where a place of performance is not indicated, then according to the law of the State where the contract is made, unless such contract or its provisions are unlawful according to 15 O.S. § 211 or are otherwise contrary to the law or public policy of the State where enforcement is sought.

Since Defendant seeks to enforce the above quoted exclusionary clause in this Oklahoma Court, the Court turns to whether or not the exclusion is valid and enforceable in Oklahoma, or whether it is void and unenforceable in violation of the public policy of Oklahoma, as urged by Plaintiff. Since nothing in the Endorsement prohibits extending coverage into Oklahoma, since liability coverage was extended to the Plaintiffs in Oklahoma (See McCurtain County Case No. C–90–421), and since underinsured motor vehicle coverage would also extend to the Plaintiffs in Oklahoma (absent the language of the exclusionary clause in question), the public policy of this State which underlies Oklahoma underinsured motorists law must be considered in light of 15 O.S. § 211(2) and 36 O.S. § 3636 and subsequent case law.

First, the Court takes notice that the exclusionary language of the Parker policy and the issue to be resolved concerns a question of primary U.M. coverage to the Oklahoma Plaintiffs. There are no issues presented in this case pertaining to collateral U.M. issues such as stacking, rejection of coverage, etc.. Thus, the Court must look to Oklahoma law to determine the public policy of this State concerning primary U.M. coverage. A review of the Oklahoma Statutes and Oklahoma case law reveals strong public policy in this area.

Secondly, the Court takes notice that the exclusionary language of Endorsement 6885Y couches its coverage in terms of "underinsured motor *vehicles*" rather than "underinsured *motorists*". The language quoted above from the endorsement simply means that because this particular vehicle is insured under the liability coverage of the Parker policy, then this particular vehicle can never be considered underinsured under the Parker policy. This is true even though the parties agree that the Plaintiffs' claim for damages exceeds the liability limits of the Parker policy. Thus, it becomes clear that primary U.M. coverage for the Plaintiffs under Endorsement

6885Y is tied to the automobile rather than to the status of the Plaintiffs as insureds under the policy. According to the plain language of the Endorsement's own definition of "Insured" (Insured means a person covered by underinsured motor vehicle coverage, including (4.) *Any other person* occupying the car), the Plaintiffs were "Insureds" under the underinsured motor vehicle coverage because of their status as passengers at the time of the accident. Thus, the Court must look to Oklahoma law to determine the public policy of this State concerning the tying of primary U.M. coverage to the vehicle itself rather than to the status of the Oklahoma Plaintiffs as "Insureds" under the policy.

The strength of the public policy underlying Oklahoma U.M. law is seen in 36 O.S. § 3636 itself and its interpretation by the Oklahoma Supreme Court. The offering of U.M. coverage (with liability coverage) in this State is mandatory, and if not offered and/or rejected, then it is written into the policy by operation of law. *Moon v. Guaranty [Guarantee] Insurance Company,* 764 P.2d 1331 (Okl.1988). Oklahoma public policy favors primary U.M. coverage for Oklahoma residents, unless rejected by them. U.M. laws were intended by our legislature to protect Oklahoma residents from being exposed to injury or damage by uninsured motorists. The use of automobiles in Oklahoma and our automobile insurance laws were intended to apply to all vehicles using Oklahoma roadways and to the drivers of those vehicles, whether residents or non-residents. See for example: *Pate v. M.F.A. Mutual Insurance Company,* 649 P.2d 809 (Okl.App.1982).

The same laws and public policies underlying uninsured motorists coverage extend to underinsured motorist coverage as well. See 36 O.S. § 3636 and *Heavner v. Farmers Insurance Company,* 663 P.2d 730 (Okl.1983). These public policies of Oklahoma have been applied by Oklahoma Courts to foreign insurance policies, where coverage is extended in this State, and where enforcement of the insurance contract is sought in this State. Certain provisions of out-of-state policies have been held to be void and unenforceable in Oklahoma, where the provisions were contrary to Oklahoma's law and public policies. See for example: *Bohannan v. All State Insurance Company,* 62 O.B.J. No. 28 page 2093 (Okl.—decided July 2, 1991); see also *Pate, Infra [Supra ].*

Turning to the exclusionary language of Endorsement 6885Y in this case, the Court notes that in 1985 the Oklahoma Supreme Court interpreted an almost identical U.M. exclusion of Defendant State Farm from a policy issued in Oklahoma. See *State Farm Mutual Automobile Company v. Wendt,* 708 P.2d 581 (Okl.1985). In *Wendt,* the U.M. exclusionary clause stated that:

"... the term uninsured motor vehicle shall not include:

(i) a vehicle defined herein as an insured motor vehicle." *Id.* at 584.

Interpreting this provision in light of Oklahoma law and public policy, our Supreme Court held that:

"Coverage in each case stems not from owning an automobile, but from falling within the definition of an insured under any given insurance contract. Any attempt to tie uninsured motorist coverage to automobiles alone, rather than to people, must fail." *Id.* at 585.

"... policy provisions excluding ... insured motor vehicle from uninsured motorist coverage conflicts with 36 O.S.1981 § 3636 and are thus void ..." *Id.* at 581.

Based upon the undisputed facts of this case, the Court finds that the Plaintiffs were residents of Oklahoma at the time of the accident, that the Parker policy extended coverage to the Plaintiffs in Oklahoma, that the status of Plaintiffs (as passengers in the insured vehicle) at the time of the accident was that of "insureds" according to the policy's own definition of insured, that Plaintiffs were involved in a one-vehicle accident due to the negligence of the driver of the insured vehicle, that the accident occurred in Oklahoma, that Plaintiffs' claims exceed the total amount of liability insurance coverage available, and that the parties seek to enforce the provisions of

underinsured motor vehicle Endorsement 6885Y of the insurance contract in this Oklahoma Court. The Court further finds that the only provision of Endorsement 6885Y relied upon by Defendant (cited above), which denies U.M. coverage to Plaintiffs, violates the public policy of Oklahoma as discussed above and is thus void and unenforceable in this Court.

As such, in the absence of said exclusionary language of Endorsement 6885Y, and with no other issues of fact or law to be decided, the Court finds that, as a matter of law, Plaintiffs are entitled to U.M. benefits under Endorsement 6885Y of the Parker policy. Accordingly, the Motion For Summary Judgment filed by Defendant is denied, the Motion For Summary Judgment filed by Plaintiff is granted, and Judgment is hereby rendered for the Plaintiffs.

IT IS SO ORDERED!

DATE

/s/John A. Benson
JUDGE JOHN A. BENSON
ASSOCIATED DISTRICT JUDGE
FOR McCURTAIN COUNTY
APPROVED AS TO FORM:

WILLARD L. DRIESEL, JR.
ATTORNEY FOR PLAINTIFF
/s/Mike Smith
MIKE SMITH
ATTORNEY FOR DEFENDANT