Jessica PIERCE, Brenden Pepper, a minor by his Guardian ad Litem, James P. Scoptur and Zachary Pierce, a minor by his Guardian ad Litem, James P. Scoptur, Plaintiffs-Appellants,

v.

MID-CENTURY INSURANCE COMPANY, Defendant-Respondent,

Amanda SWEDLUND, Defendant,

MID-CENTURY INSURANCE COMPANY, Third-Party Plaintiff,

v.

Briliey SWEDLUND, Mason Swedlund, Christopher Swedlund, Wendy Burris, George Burris, Wilson Mutual Insurance Company and Sylvia Mathews Burwell, Third-Party Defendants.

Joann K. KOHN, individually, and as the Executor of the Estate of John G. Kohn, deceased, Plaintiff,

v.

FARMERS UNION MUTUAL INSURANCE COMPANY, Mid-Century Insurance Company and Amanda Swedlund, Defendants.

Court of Appeals

171

*No. 2015AP2408. Submitted on briefs August 12, 2016.—Decided September 29, 2016.*

2016 WI App 79

(Also reported in 887 N.W.2d 115.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *James P. Scoptur* of *Aiken & Scoptur, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John A. Kramer* and *Michael J. Roman* of *Klinner Kramer Shull LLP*, Wausau.

Before Lundsten, Sherman and Blanchard, JJ.

¶ 1. LUNDSTEN, J.   This appeal relates to the enforceability of an automobile insurance policy provision that is part of the policy's definition of an underinsured motor vehicle. As pertinent here, this provision has the effect of excluding passengers of an insured's vehicle from the policy's underinsured motorist (UIM) coverage when the insured driver was at fault and was operating a vehicle insured by the policy's liability coverage. The main purpose of this exclusion, as explained below, is to prevent a policy's UIM coverage from acting as supplementary liability coverage under the same policy.

¶ 2.   The appellants here were injured while passengers in a vehicle insured by a policy containing this exclusion. The insurer, Mid-Century Insurance Company, denied UIM coverage based on the exclusion. The issue here is whether provisions in Wisconsin's omnibus automobile insurance statute, Wis. Stat. § 632.32(5)(e) and (6)(b)2.a., prohibit or allow the exclusion.[1] Like the circuit court, we resolve this issue against the appel-

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version.

lant passengers. Accordingly, we affirm the court's order dismissing the passengers' claims for UIM coverage.

## Background

¶ 3.    The pertinent facts are not in dispute. Appellants Jessica Pierce, Zachary Pierce, and Brenden Pepper (collectively "the passengers") were passengers in a vehicle driven by Amanda Swedlund. The vehicle was involved in a multi-vehicle accident resulting in a fatality and serious injuries to numerous individuals, including the passengers.

¶ 4.    Swedlund was insured under an automobile policy underwritten by Mid-Century Insurance Company. The policy included liability coverage and UIM coverage, with limits of $500,000 on each.

¶ 5.    The passengers filed a lawsuit against Swedlund and Mid-Century, alleging that Swedlund's negligence played a role in the accident and seeking coverage under her policy. Others involved in the accident also made claims against Swedlund and Mid-Century.

¶ 6.    Mid-Century paid out the $500,000 liability limit, which was apportioned among the passengers and others. The passengers' share of the $500,000 liability payment was insufficient to compensate them for all of their alleged injuries, however, so they made additional claims for UIM coverage under Swedlund's policy. Looking solely to the policy's grant of UIM coverage, the passengers appeared to be eligible for UIM coverage:

> We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner

174

or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by the **insured person**.

(Bold type in policy.)[2]

¶ 7. Mid-Century, however, contended that the exclusion at issue here barred the passengers' UIM coverage claims. The exclusion is part of the policy definition of an underinsured motor vehicle. The definition provides, as most pertinent here:

> An **underinsured motor vehicle** does not include a land motor vehicle:
>
> (a) insured under the liability coverage of this policy . . . .

¶ 8. The passengers argued that the exclusion was unenforceable under the omnibus statute, WIS. STAT. § 632.32. Mid-Century responded that the exclusion was not statutorily prohibited.

¶ 9. The circuit court agreed with Mid-Century. Accordingly, the court dismissed the passengers' UIM coverage claims. The passengers appeal.

### Discussion

■

¶ 10. The question presented here is whether the exclusion, barring UIM coverage under the circumstances in this case, is prohibited under WIS. STAT. § 632.32(5)(e) and (6)(b)2.a. This is an issue of first impression.[3]

---

[2] "**Insured person**" under the policy's UIM coverage includes any person "**occupying your insured car**."

[3] Both before the circuit court and on appeal, the passengers additionally have argued that the exclusion is ambiguous and, thus, should be interpreted in favor of the passengers to permit UIM coverage. To the extent we understand the argu-

¶ 11.  Addressing this issue requires the interpretation and application of statutory as well as policy language to undisputed facts. These are questions of law for de novo review. *Welin v. American Family Mut. Ins. Co.*, 2006 WI 81, ¶ 16, 292 Wis. 2d 73, 717 N.W.2d 690.

¶ 12.  The parties disagree on the interaction of two subsections of the omnibus statute as applied here. In arguing that the exclusion is prohibited by the statute, the passengers rely on WIS. STAT. § 632.32(6)(b)2.a., which provides:

> (b) No policy may exclude from the coverage afforded or benefits provided:
>
> . . . .
>
> 2.a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

The passengers argue, as we understand it, that the exclusion here violates this subsection by excluding passengers from UIM coverage with respect to bodily injury.

---

ment, it is patently meritless. The passengers assert that there is ambiguity because the exclusion "directly contradicts" the initial grant of UIM coverage. But we see no arguable contradiction. The exclusion does not completely undo the initial grant of UIM coverage. Rather, as is commonly true with exclusions, the exclusion here limits the initial grant of coverage. In arguing that there is ambiguity, the passengers appear to falsely equate this common situation with the quite different situation in which an exclusion or other policy provision wholly negates an initial grant of coverage.

¶ 13. Mid-Century, in contrast, relies on Wɪs. Sᴛᴀᴛ. § 632.32(5)(e). Section 632.32(5)(e) includes a savings provision that allows the enforcement of certain exclusions that would otherwise be prohibited by § 632.32(6). Section 632.32(5)(e) provides:

> A policy may provide for exclusions not prohibited by sub. (6) or other applicable law.[4] *Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b).*

(Emphasis and footnote added.) Mid-Century argues that the exclusion is saved by § 632.32(5)(e) because the exclusion excludes passengers only incidentally to the exclusion's main purpose.

¶ 14. As we shall see, we agree with Mid-Century and decide this case based on the savings provision in Wɪs. Sᴛᴀᴛ. § 632.32(5)(e). First, however, we pause to explain why we assume, without deciding, that the exclusion would otherwise be prohibited by § 632.32(6).

¶ 15. As noted, Wɪs. Sᴛᴀᴛ. § 632.32(6)(b)2.a. speaks expressly in terms of exclusions from policy coverage or benefits "with respect to bodily injury, sickness or disease, including death resulting therefrom"; it does *not* expressly speak in terms of exclusions for categories of coverage such as liability coverage or UIM coverage. Here, it is apparent that the passengers must take the position that § 632.32(6)(b)2.a. prohibits an exclusion as to UIM coverage for bodily injury, *even when there is other policy coverage for bodily injury.* That is, the passengers argue that the exclusion violated § 632.32(6)(b)2.a. by excluding them from coverage for

---

[4] The passengers do not argue that "other applicable law" prohibits the exclusion at issue here.

177

bodily injury under the *UIM* portion of Swedlund's policy, even though the passengers received coverage for bodily injury under the *liability* portion of the policy.

¶ 16. So far as we can tell, Mid-Century does not dispute the passengers' interpretation of WIS. STAT. § 632.32(6)(b)2.a. Certainly, Mid-Century does not develop an argument supporting a contrary interpretation. Rather, as we have said, Mid-Century focuses on the savings provision in § 632.32(5)(e), arguing that the exclusion is saved by § 632.32(5)(e) because the exclusion excludes passengers only incidentally to the exclusion's main purpose.

¶ 17. Absent adversarial briefing on the topic, we assume, without deciding, that the passengers correctly interpret WIS. STAT. § 632.32(6)(b)2.a. That is, we assume without deciding that the exclusion here would be prohibited by § 632.32(6)(b)2.a. standing alone. We turn, then, to whether § 632.32(5)(e) saves the exclusion because the exclusion excludes passengers only incidentally to the exclusion's main purpose.

¶ 18. The parties' disagreement as to whether the exclusion's effect on passengers is incidental to the exclusion's main purpose focuses, not surprisingly, on a dispute over what that purpose is. The passengers argue, as we understand it, that the exclusion's main purpose is to deny *all* passengers of an insured vehicle access to UIM coverage. Mid-Century argues that the exclusion's main purpose is to prevent a policy's UIM coverage from being converted to additional liability coverage.

¶ 19. Regardless whether the exclusion is accurately characterized as preventing the policy's UIM coverage from becoming "additional liability coverage," we agree with Mid-Century that the exclusion excludes insured-vehicle passengers only incidentally to

178

the exclusion's main purpose, which we conclude is more accurately characterized as preventing a policy's UIM coverage from, in effect, acting as supplementary liability coverage under the same policy.

¶ 20. To begin, the passengers' "main purpose" argument is plainly contrary to the UIM grant of coverage and to the exclusion on their face. Under those provisions, there are any number of scenarios in which, despite the exclusion, insured-vehicle passengers have UIM coverage. To take a concrete example, suppose the facts were the same as here except that a third-party driver caused the passengers' injuries and had $100,000 in liability coverage. On that set of facts, the passengers (along with Swedlund herself) would have access to $400,000 in UIM coverage under Swedlund's policy (the policy's $500,000 UIM limit less the underinsured motorist's $100,000 liability coverage). It follows that the exclusion is not intended to disadvantage all passengers as a class, or even a large majority of passengers. At most, what can be said is that the exclusion has an effect on a subset of passengers.

¶ 21. Mid-Century's "main purpose" argument, in contrast, is consistent with the policy language, and with the policy limits, as the facts of this case illustrate. The exclusion as applied here makes clear that the passengers cannot, in effect, have access to Swedlund's $500,000 UIM coverage limits on top of her $500,000 liability coverage limits, placing Mid-Century on the hook for up to $1,000,000 based on Swedlund's alleged negligence. More generally, as noted above, the exclusion prevents the policy's UIM coverage from acting as supplementary liability coverage under the same policy, making clear that UIM coverage does not apply to the extent that the insured

179

driver was at fault and was operating a vehicle insured by the policy's liability coverage.

¶ 22. Mid-Century's argument as to the exclusion's main purpose is also backed up by persuasive authority. *See, e.g., Mercury Indem. Co. of Ill. v. Kim*, 830 N.E.2d 603, 608 (Ill. App. Ct. 2005) (suggesting that the purpose of such exclusions is to "prevent the stacking of underinsured motorist coverage on to liability coverage under a single policy"); *Millers Cas. Ins. Co. of Tex. v. Briggs*, 665 P.2d 891, 895 (Wash. 1983) (suggesting that such exclusions prevent "dual recovery" that "would transform underinsured motorist coverage into liability insurance"); 3 IRVIN E. SCHERMER & WILLIAM J. SCHERMER, AUTOMOBILE LIABILITY INSURANCE 4TH § 39:3 (4th ed. 2014) ("Most uninsured motorist/underinsured motorist endorsements exclude a motor vehicle insured under the policy's liability coverages from the definition of an uninsured/underinsured motor vehicle. Absent such an exclusion, the inadequacy of a negligent host's policy's liability limits to wholly compensate an injured passenger could activate its underinsured motorist coverage and cause it to serve as an expansion of the policy's liability limits.").

¶ 23. Finally, our supreme court's decision in *Vieau v. American Family Mutual Insurance Co.*, 2006 WI 31, 289 Wis. 2d 552, 712 N.W.2d 661, lends support to Mid-Century's argument. The question there had to do with a UIM "own-other-car" exclusion that excluded household family members who owned their own separate vehicles. *See id.*, ¶¶ 2, 7, 11, 22. The excluded family member in *Vieau* challenged that exclusion under WIS. STAT. § 632.32(6)(b)1., which provides:

> No policy may exclude from the coverage afforded or benefits provided:

180

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

1. Persons related by blood, marriage or adoption to the insured.

The court in *Vieau* explained that § 632.32(5)(e) saved the exclusion because the exclusion's effect on household family members was incidental to the exclusion's main purpose, which was to prevent such family members from "piggybacking" onto another policy's UIM coverage. *See Vieau*, 289 Wis. 2d 552, ¶¶ 12–14, 23, 28–29. The court in *Vieau* concluded that the insurance company in *Vieau* was "first and foremost excluding [the family member] by virtue of his ownership of another vehicle . . ., and it was not excluding [him] on the basis that he was related to [the insured]." *Id.*, ¶ 29.

¶ 24.  Similarly, here, the exclusion at issue prevents the passengers from "piggybacking" UIM coverage onto liability coverage under the same policy. To further use the words of *Vieau*, Mid-Century was "first and foremost" excluding the passengers for that type of purpose and "not excluding [them] on the basis that" they were passengers. *See id.*[5]

¶ 25.  In sum, we assume, without deciding, that the UIM coverage exclusion here would be prohibited by Wis. Stat. § 632.32(6)(b)2.a. standing alone but conclude that § 632.32(5)(e) saves the exclusion be-

---

[5] The passengers direct our attention to two cases from other states and assert that the courts in those cases concluded that similar exclusions were unenforceable. *See Taylor v. Travelers Indem. Co. of America*, 9 P.3d 1049, 1051–53 (Ariz. 2000); *Lewis v. State Farm Mut. Auto. Ins. Co.*, 838 P.2d 535, 537–39 (Okla. Ct. App. 1992). Putting aside other differences that affect the persuasive value of these two cases, we decline to rely on these two cases because they do not address state statutes with language sufficiently comparable to Wis. Stat. § 632.32(5)(e) and (6)(b)2.a.

cause the exclusion excludes passengers only incidentally to the exclusion's main purpose.

## Conclusion

¶ 26. For the reasons stated above, we affirm the circuit court's order dismissing the passengers' claims for UIM coverage under Swedlund's policy with Mid-Century.

*By the Court.*—Order affirmed.